65 So.3d 153 (2011)
STATE of Louisiana
v.
Joel WILLIAMS.
No. 2011-KK-1269.
Supreme Court of Louisiana.
June 27, 2011.
PER CURIAM.[1]
Granted in part; otherwise denied. The ruling of the trial court granting the motion to suppress the evidence seized from defendant's home pursuant to a search warrant is reversed, and this case is remanded for further proceedings.
The trial court was tasked with, among other issues, determining whether the police had probable cause to obtain a warrant for the search of defendant's residence. The role of the trial court, in reviewing a magistrate's probable cause determination, "is simply to `ensure that the magistrate had `a substantial basis for . . . conclud[ing]' that probable cause existed.'" State v. Profit, 2000-1174, p. 5 (La.1/29/01); 778 So.2d 1127, 1130 (quoting Illinois v. Gates, 462 U.S. 213, 239, 103 *154 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), quoting, Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). In the present case, the information supplied by the confidential informant that defendant was trafficking in cocaine, corroborated through the controlled purchase of narcotics witnessed by the detective, including the allegation that defendant "uses [his] residence to store illegal narcotics and currency," (an allegation not contradicted at the suppression hearing) supported a reasonable, common sense inference by the magistrate that the police had a fair probability of finding additional amounts of cocaine at defendant's residence. See, Profit, 2000-1174 at 6; 778 So.2d at 1130-1131, and cases cited therein. The trial court, therefore, abused its discretion by second-guessing the inferences drawn by the magistrate in the present case.
VICTORY, J., concurs in part and dissents in part for reasons assigned by CLARK, J.
CLARK, J., concurs in part and dissents in part.
CLARK, Justice, concurs in part and dissents in part.
While I agree that the trial court abused its discretion by granting the motion to suppress the evidence seized from the defendant's home pursuant to a search warrant, I also believe the trial court was in error in granting the motion to suppress the evidence seized from the vehicle at the time of the defendant's arrest. Under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 1723-1724, 173 L.Ed.2d 485 (2009), the U.S. Supreme Court held: "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." (Emphasis added). The defendant was arrested for possession of drugs with the intent to distribute. The police had knowledge, from the controlled buy of the reliable confidential informant, that the defendant allegedly carried the drugs in a glasses case. When police searched the defendant incident to his arrest, the defendant was not carrying the glasses case. I find it was reasonable for the police to believe the vehicle would contain evidence of the offense of arrest. In addition, considering the defendant had just exited the vehicle when the officers found what they reasonably believed to be cocaine on the defendant's person, the officers had probable cause to search the vehicle without a warrant. See U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Therefore, I believe the motion to suppress the evidence obtained on the defendant's person incident to his arrest, in his home pursuant to a search warrant, or in the vehicle at the time of his arrest, should have been denied in its entirety.
NOTES
[1] Kimball, C.J., not participating in the decision.